Brenda SHERPELL, Appellant,

v.

HUMNOKE SCHOOL DISTRICT NO. 5 OF LONOKE COUNTY, ARKANSAS, Appellee.

No. 87–2448.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 23, 1988.

Decided May 9, 1989.

Lazar M. Palnick, Little Rock, Ark., for appellant.

Jo–Ann L. Goldman, Little Rock, Ark., for appellee.

Before ARNOLD and BEAM, Circuit Judges, and CAHILL,* District Judge.

CAHILL, District Judge.

Brenda Sherpell appeals the district court's dismissal of her civil rights complaint against Humnoke School District No. 5 of Lonoke County.

In 1985, appellant Sherpell brought this action against Humnoke School District No. 5 of Lonoke County (Humnoke School District) and its Superintendent, Mr. Edsel

---

* The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Mis- souri, sitting by designation.

Weaver, seeking reemployment, back pay, a declaratory judgment, and injunctive relief for the alleged violation of her civil rights as guaranteed by 42 U.S.C. §§ 1981, 1983, and 2000e et seq. Before the trial, plaintiff settled her claim against Superintendent Weaver leaving the School District as the sole defendant. The trial court found that Ms. Sherpell had not met her burden of proof and dismissed the complaint against the School District. We affirm in part and reverse in part.

The two issues before the Court are whether the district court erred as a matter of law and fact in finding against appellant on her claim of racial discrimination in employment and whether the court also erred in refusing to permit appellant to proceed on her retaliation claim.

The appellee, Humnoke School District, employed appellant Brenda Sherpell from September 1978 to December 1980. She taught remedial math under a teacher's certificate for grades 1 through 6. In September 1980, appellant's husband lost his arm in an industrial accident and appellant verbally applied for and received a leave of absence from the school superintendent effective December, 1980. In April 1981, appellant Sherpell and the appellee School Board entered into a written leave of absence agreement in which the parties agreed to the leave of absence and also agreed that appellant would be offered a contract for the 1982–1983 school year.

The district court found that appellant verbally resigned her position by communicating this to Mr. Weaver, the Superintendent of the School District, who subsequently informed the School Board, and that the School Board thereafter voted to accept appellant's resignation in July 1981. The court also found that appellant did not, either verbally or in writing, apply for any other position with the district before her written letter of April 16, 1985, and that appellant did not apply for any vacant position or positions at any time after 1985. The court noted that appellant made a prima facie case only with respect to the 1985–1986 school year—the year for which she applied in writing in April 1985. The court went on to find that on the basis of all the evidence, the appellee's failure to hire the appellant was not based on race, and that the explanation provided by Mr. Weaver, the Superintendent of the School District, was not pretextual.

Serving as a background to this case is *Sherpell, et al. v. The Humnoke School District No. 5 of Lonoke County, Arkansas, et al.,* 619 F.Supp. 670 (E.D.Ark.1985), (*Sherpell I*), in which plaintiff Brenda Sherpell, the appellant in this case, and other parents of black children attending the Humnoke School District No. 5 of Lonoke County brought a civil rights action against the Humnoke School District; the School Board; Mr. Edsel Weaver, the superintendent of the School, and Mr. Charles Eads, the principal of the Humnoke High School, contending that the policies and practices of the defendants in the operation of the public schools within that District discriminated against the plaintiffs because of their race and color. The case was tried before District Judge George Howard, Jr., in September 1985, who then found that the plaintiffs had established a prima facie case of racial discrimination under both the disparate treatment and disparate impact theories on their claims of intentional and purposeful racial discrimination relative to the racial allocation of faculty. Furthermore, the court found that even assuming defendants had shown legitimate, nondiscriminatory reasons for their actions, plaintiffs had demonstrated by a preponderance of the evidence that such actions were pretextual to cover the purposeful and intentional racial conduct. *See Sherpell I,* 619 F.Supp. at 680.

Judge Howard also found that the defendants failed to develop objective, nondiscriminatory criteria in the hiring, retention, promotion, and dismissal of faculty and staff in the Humnoke School District; and that the defendants failed to establish a racially balanced faculty to ensure equality of opportunity. *See Sherpell I,* 619 F.Supp. at 680. The defendants appealed Judge Howard's decision to the Eighth Circuit Court of Appeals, but the Court of Appeals dismissed the appeal without prejudice for a lack of jurisdiction. *See Sher-*

*pell, et al. v. Humnoke School District No. 5 of Lonoke County, et al.,* 814 F.2d 538 (8th Cir.1987). Thus, plaintiff Sherpell was, in the first case, one of several parents seeking relief on behalf of their children from discriminatory practices of the Lonoke County School Board, and in this case was the plaintiff on her own behalf, as a teacher, claiming racial discrimination in regard to re-employment.

 In this re-employment case, the question was raised at trial as to what effect the District Court should give to the factual findings by Judge Howard in *Sherpell I, supra.* The district court concluded that it was required to accept the relevant factual findings of Judge Howard which were applicable to the issues in this case. Appellant argues that even though the district court indicated that it was giving Judge Howard's findings a preclusive effect as the relevant issues applied to this case, it did not actually do so. Appellee argues that even if the district court had accepted all of Judge Howard's findings, appellant still has the burden of proving that appellee racially discriminated against her. We agree with appellee that appellant must make a prima facie case of racial discrimination. In order to make a prima facie case of racial discrimination, a complainant must show that she belongs to a racial minority; that she was qualified for and applied for the job for which the employer was seeking applicants; that she was rejected for the position; and that the employer then hired a white employee to fill the open position. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973). Once the complainant has established a prima facie case of discrimination, the defendant must articulate legitimate, nondiscriminatory reasons for bypassing the complainant in favor of the other applicants. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Furnco Construction Corp. v. Waters,* 438 U.S. 567, 576–80, 98 S.Ct. 2943, 2949–50, 57 L.Ed.2d 957 (1978); *Board of Trustees of Keene State College v. Sweeney,* 439 U.S. 24, 25, 99 S.Ct. 295, 295, 58 L.Ed.2d 216 (1978). Then, the complainant must show by a preponderance of the evidence that the legitimate reasons offered by the defendant were pretextual. *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. at 1825. However, the burden of proof remains with the complainant at all times. *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093; *Board of Trustees of Keene State,* 439 U.S. at 25, n. 2, 99 S.Ct. at 296, n. 2.

A trial court's findings should not be disturbed by an appellate court unless they are clearly erroneous. *See United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.1984); *see also* Rule 52(a) Fed.R.Civ.P. However, questions of law are reviewed under a de novo standard. *See McConney,* 728 F.2d at 1201. In this case, the district court found, among other things, that appellant did not meet her burden of proving that she applied for any position with the district before 1985; therefore, she did not meet her burden of making a prima facie showing of racial discrimination in employment before 1985. The district court also found that the appellant made a prima facie case only with respect to the 1985–1986 school year—the year for which she applied for employment in writing. However, the court went on to further find that the appellee's failure to hire appellant was not based on race and that its explanations were not pretextual.

 The district court in this case indicated that it made its findings based on the credibility of the witnesses. This Court, therefore, ought not to substitute its judgment for that of the trial judge. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). We therefore affirm the district court's findings that appellant did not make a prima facie case of racial discrimination for the years before 1985, and that appellant made a prima facie case for the 1985–1986 school year but appellee articulated legitimate, nondiscriminatory reasons for not hiring appellant.

Appellant also argues that the district court erred in refusing to permit her to present evidence and to otherwise proceed

on her claim of retaliation. Specifically, appellant contends that the district court's ruling before the trial that since appellant did not specifically plead retaliation in her complaint even though she attached the "Right to Sue" retaliation letter to her complaint, she should be denied the opportunity to correct the omission because it was beyond the 90–day limitation period within which to bring suit contained in Title VII. Appellee argues that the retaliation issue is separate and distinct from the issue of racial discrimination and that appellee was never put "on notice" of the retaliation issue in a formal pleading. Appellee further argues that appellant had ample opportunity to amend her complaint to include her retaliation claim.

In order to establish a *prima facie* case of retaliation, the plaintiff has to show that (1) she engaged in a protected activity; (2) that adverse employment action occurred; and (3) that there is a causal connection between the two. *See Jackson v. Missouri Pacific R.R. Co.*, 803 F.2d 401, 406–07 (8th Cir.1986), *citing Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir.1980), *cert. denied*, 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981). In this case it is undisputed that appellant Sherpell is the same person who was one of the plaintiffs in *Sherpell I* and therefore she satisfies the first prong of the inquiry in showing that she engaged in a protected activity—the filing of *Sherpell I.*

With regard to the second prong of the inquiry, much of the evidence and testimony concerning appellee's adverse employment action is also relevant to the claim of racial discrimination in employment. We believe that the issues of non-hiring because of race and non-hiring in retaliation for filing the previous lawsuit, *Sherpell I*, are so intricately intertwined and involve the adducing of such similar testimony that the interests of judicial economy and the ends of justice suggest that they should have been tried together. Appellee cannot claim surprise at the retaliation claim because it was a party to the Equal Employment Opportunity Commission proceedings and the Humnoke Public Schools received a

copy of the "Right to Sue" notice sent to appellant on the retaliation claim. Furthermore, appellant's retaliation claim could also have been brought pursuant to 42 U.S.C. § 1981, which does not have the jurisdictional prerequisite of Title VII. The district court did not address the issue of whether the retaliation claim would also be time-barred if filed pursuant to 42 U.S.C. § 1981. Since fact finding is the basic responsibility of the district courts, this critical issue should not be initially decided on appeal. *See Pullman–Standard v. Swint*, 456 U.S. 273, 291–92, 102 S.Ct. 1781, 1791–92, 72 L.Ed.2d 66 (1982); *DeMarco v. U.S.*, 415 U.S. 449, 450, 94 S.Ct. 1185, 1185, 39 L.Ed.2d 501 (1974).

We believe that the plaintiff's failure to plead in specific detail the retaliation charge is not fatal when viewed in the totality of the circumstances. First, the matter was known to all parties throughout the course of the litigation. Second, it was discussed, argued, and inquired into during discovery. Third, one of the "Right to Sue" letters from the EEOC pertained particularly to the retaliation allegation. Lastly, the intertwining factual continuity makes it impossible to view the "warp" without viewing the "woof." These factors, when viewed from the perspective of the ruling by Judge Howard, clearly indicate the need for the trial court to consider with particularity the total picture of the retaliation claim.

In any event, the jurisdictional prerequisites of Title VII, like a statute of limitations, are subject to equitable tolling. *See Zipes, et al. v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). In this case, appellee knew of the retaliation claim; much of the same evidence for the claim of racial discrimination is also applicable to the claim of retaliation and the prejudice to the appellee would have been minimal. Consequently, appellant should have been allowed to proceed on her claim of retaliation. We therefore reverse and remand to the district court with instructions to proceed in ac-

cordance with this opinion as to the claim of retaliation only.