Michael WHITE, Appellant,

v.

McDONNELL DOUGLAS CORPO-
RATION; McDonnell Douglas
Aircraft, Appellees.

No. 92–2406.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1993.

Decided Feb. 11, 1993.

Rehearing and Rehearing En Banc
Denied March 30, 1993.

existence of a genuine issue of material fact, and thus to preclude summary judgment. We affirm the trial court for the reasons stated below.

## I.

Mr. White sues under 42 U.S.C. § 2000e–2(a)(1), which prohibits employment discrimination based on race or sex, and under 42 U.S.C. § 2000e–3(a), which prohibits retaliation by an employer against an employee for bringing charges alleging race or sex discrimination by the employer. We deal with these statutory prohibitions individually.

Doris Gregory Black, St. Louis, MO, argued, for appellant.

Sabrina M. Wrenn, St. Louis, MO, argued (Dennis C. Donnelly and Anne J. Erwin, on the brief), for appellees.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Michael White worked for the McDonnell Douglas Corporation between mid–1979 and late 1990, when he was laid off. In 1987, Mr. White sued McDonnell Douglas, alleging race discrimination; he subsequently dropped the suit but refiled it in 1988. The trial court granted summary judgment to McDonnell Douglas in that suit in late 1989 after Mr. White failed to respond to the company's motion for summary judgment; that judgment was affirmed on appeal. *See White v. McDonnell Douglas Corp.*, 904 F.2d 456 (8th Cir.1990) (*per curiam*).

Between late 1989 and mid–1990, McDonnell Douglas posted announcements for 12 open positions requiring computer programming skills. Mr. White, a black man with computer programming experience, applied to be promoted to at least 11 (and possibly all 12) of those positions but was never selected. In late 1990, he sued McDonnell Douglas again, alleging that the company's failure to promote him to any of the positions for which he had applied was the result of race or sex discrimination, or was in retaliation for his earlier lawsuit.

In mid–1992, the trial court granted McDonnell Douglas's motion for summary judgment in this case. Mr. White appeals from that judgment, arguing that he presented sufficient evidence to establish the

The plaintiff in a case alleging race or sex discrimination has the initial burden of establishing a prima facie case of discrimination, that is, producing evidence that would entitle him to prevail unless contradicted and overcome by evidence produced by the defendant. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254, 254 n. 7, 101 S.Ct. 1089, 1094, 1094 n. 7, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). If a plaintiff shows that he is a member of a protected class (here, blacks or men), that he was qualified for the position for which he applied, that he was not chosen for that position, and that whites or women with the same qualifications as the plaintiff were chosen, he has established a prima facie case of disparate treatment. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824.

Establishing a prima facie case creates a presumption that the employer has discriminated unlawfully against the plaintiff. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094. A burden shifts to the employer, then, to rebut that presumption by producing evidence that the employer chose someone other than the plaintiff for a legitimate, nondiscriminatory reason. *Id.* The employer's explanation of its action must be "clear and reasonably specific," *id.* at 258, 101 S.Ct. at 1096, but the employer does not have to *prove* to the court that it was motivated by the proffered reason.

*Id.* at 254, 101 S.Ct. at 1094. The burden is one of production only, not proof. *Id.* at 253, 257, 260, 101 S.Ct. at 1093, 1095, 1097. "It is sufficient if the [employer's] evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. To accomplish this, the defendant must clearly set forth ... the reasons for the plaintiff's rejection." *Id.* at 254–55, 101 S.Ct. at 1094.

If the employer articulates a reason sufficient to rebut a prima facie case, the inquiry proceeds to a "new level of specificity." *Id.* at 255, 101 S.Ct. at 1095. The plaintiff is entitled to the opportunity to show that the stated reason for the employer's action was "in fact pretext." *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825. The plaintiff can show pretext either "by persuading the court that a discriminatory reason more likely motivated the employer or ... by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256. The Supreme Court has made clear that the ultimate inquiry is whether the employer intentionally discriminated against the plaintiff. *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983). "In short, the district court must decide which party's explanation of the employer's motivation it believes." *Id.* at 716, 103 S.Ct. at 1482.

In its opinion and order granting summary judgment, the trial court found that Mr. White had established the existence of a genuine issue of material fact on the question of whether he was qualified for the positions for which he applied, and had therefore made out a prima facie case. The trial court went on to discuss the reasons given by McDonnell Douglas for its failure to choose Mr. White for any of those positions and concluded that McDonnell Douglas had stated specific reasons in each case why Mr. White was *not* qualified for the positions in question. The trial court then found, as to evidence of pretext, that Mr. White had failed to provide any evidence of discriminatory intent or any reason why McDonnell Douglas's explanations were not believable. Accordingly, the trial court granted summary judgment to McDonnell Douglas on the race and sex discrimination claims.

We have trouble reconciling the trial court's holding that Mr. White had created a genuine issue of material fact with respect to his qualifications and its simultaneous acceptance of McDonnell Douglas's explanations for why Mr. White was *not* qualified for those positions. Perhaps the trial court meant to say that Mr. White's evidence, by itself, would have made out a prima facie case, but that no reasonable person could conclude, after hearing all of the evidence, that Mr. White was qualified for the positions that he sought. We emphasize, however, that the structure created by *McDonnell Douglas* and *Burdine* is not about the order of proof or production but about the burden of proof and production.

Nevertheless, having made an independent examination of the record, we affirm the district court. Mr. White argues that, at the very least, his submissions establish the existence of a genuine issue of material fact in respect to pretext. We disagree. We have considered his affidavit, his deposition testimony (Mr. White submitted no deposition transcripts with his appellate materials; the court therefore could consider only those transcript excerpts submitted by McDonnell Douglas), his résumé, and the personnel records of all of the persons chosen for the positions in question—in short, all of the evidence to which Mr. White directs us in his appellate brief. We find nothing in these materials that establishes a *genuine* issue of fact with respect either to discriminatory intent on the part of McDonnell Douglas or to the credibility of the reasons given for McDonnell Douglas's choices for the positions in question. *See* 10A C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil* 2d § 2726 at 118–19, § 2727 at 133–37, 143–45, 148, 157–69 (1983). *See also In the Matter of Citizens Loan and Savings Co.*, 621 F.2d 911, 913 (8th Cir.1980); *Lundeen v. Cordner*, 356 F.2d 169, 170–71 (8th Cir. 1966) (*per curiam*); and *Lundeen v. Cordner*, 354 F.2d 401, 407–08 (8th Cir.1966). We therefore affirm the trial court's order

granting summary judgment to McDonnell Douglas on the race and sex discrimination claims.

## II.

We turn, then, to Mr. White's retaliation claim. To prevail on a claim in respect to retaliation, a plaintiff must show that he brought charges of some type against the employer alleging race or sex discrimination, that he subsequently suffered from an adverse employment decision, and that the adverse decision by the employer was because the plaintiff had brought the charges in question. *Sherpell v. Humnoke School District No. 5*, 874 F.2d 536, 540 (8th Cir.1989).

The trial court in this case found that Mr. White had met the first two of these requirements but had failed to establish the existence of a genuine issue of material fact as to the third. Having examined the record independently, we agree. We therefore affirm the trial court's order granting summary judgment to McDonnell Douglas on the retaliation claim.

## III.

For the reasons stated, the trial court's order granting summary judgment to McDonnell Douglas is affirmed.