**Parley F. BANKS, Appellant,**

v.

**CITY OF INDEPENDENCE, MISSOURI; Larry Kaufman, as an Individual and as Acting City Manager, City of Independence, Missouri; William Carpenter, as an Individual and as Mayor, City of Independence, Missouri; William McDonald, as an Individual and as Councilmember, at Large, City Council, City of Independence, Missouri; Penny D. Bennett, as an Individual and as Councilmember, at Large, City Council, City of Independence, Missouri; Lyle R. Weeks, as an Individual and as Councilmember, District 1, City Council, City of Independence, Missouri; Victor E. Callahan; Robert W. Clothier, as an Individual and as Councilmember, District 3, City Council, City of Independence, Missouri; and James R. Ruhlman, as an Individual and as Councilmember, District 4, City Council, City of Independence, Missouri, Appellees.**

No. 93–2221.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1994.

Decided April 12, 1994.

Theodore C. Beckett, Kansas City, MO, argued, for appellant.

J. Randall Coffey, Kansas City, MO, argued, for appellees.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Parley Banks appeals the grant of summary judgment to the city of Independence, Missouri, on his federal and state age discrimination claims. He argues that the trial court used an inappropriate test for summary judgment on claims of this kind and that the trial court failed to consider certain evidence. He also argues that the trial court improperly denied a motion for reconsideration that was based on newly discovered evidence. We affirm the trial court[1] in all respects.

I.

The parties agree that the analysis used in race discrimination cases under Title VII, *see* 42 U.S.C. § 2000e-2(a)(1), is appropriate for actions brought under both the federal Age Discrimination in Employment Act, *see* 29 U.S.C. §§ 621–634, and the Missouri human rights statutes, *see* Mo.Ann.Stat. §§ 213.010–213.137. We therefore proceed on that basis as well.

The trial court granted summary judgment on two alternative grounds. First, the trial court held, Mr. Banks failed to establish a *prima facie* case that he was fired because of his age. *See, e.g., Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–54, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981), and *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Mr. Banks argues on appeal that he presented direct evidence of age discrimination and therefore that the trial court should have considered the case in the construct established by *Price Waterhouse v. Hopkins,* 490 U.S. 228, 251–52, 257 (plurality opinion), 270–72, 275, 278–79, 109 S.Ct. 1775, 1791–92, 1794 (plurality opinion), 1802, 1803–04, 1805–06, 104 L.Ed.2d 268 (O'Connor, J., concurring) (1989), and *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121, 105 S.Ct. 613, 621–22, 83 L.Ed.2d 523 (1985), rather than according to the cases actually used by the trial court.

We need not address the question of the appropriate procedural scheme in this case, however, because we find instructive and controlling instead the declaration in *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 714, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983), that "by framing the issue in ... terms [of whether the plaintiff made a *prima facie* case, the parties] have unnecessarily evaded the ultimate question of [whether the plaintiff has established a genuine issue with respect to] discrimination *vel non.*" *See also St. Mary's Honor Center v. Hicks,* —— U.S. ——, ——, —— – —— n. 3, ——, ——, —— n. 6, —— – ——, ——, 113 S.Ct. 2742, 2748, 2748–49 n. 3, 2749,

---

**1.** The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.

2752, 2752 n. 6, 2753–54, 2756, 125 L.Ed.2d 407 (1993). The trial court's alternative ground for summary judgment was, indeed, premised on that ultimate question. *See, e.g., Price Waterhouse,* 490 U.S. at 237, 241–42, 247 n. 12, 250–51 (plurality opinion), 270, 272, 275, 278–79, 109 S.Ct. at 1783–84, 1786, 1788–89 n. 12, 1791 (plurality opinion), 1801, 1802, 1803–04, 1805–06, (O'Connor, J., concurring); *Texas Department of Community Affairs,* 450 U.S. at 253–54, 256, 101 S.Ct. at 1094, 1095; and *McDonnell Douglas Corp.,* 411 U.S. at 805, 807, 93 S.Ct. at 1825–26, 1826–27. *See also St. Mary's Honor Center,* —— U.S. at ——, ——, 113 S.Ct. at 2749, 2756; *United States Postal Service Board of Governors,* 460 U.S. at 715, 103 S.Ct. at 1481–82; and *White v. McDonnell Douglas Corp.,* 985 F.2d 434, 436 (8th Cir.1993).

■ We have examined all of the exhibits submitted to the trial court, which included affidavits and depositions from Mr. Banks and from the other primary actors in the events in question. Based on our independent consideration of all of that evidence, we agree with the trial court that Mr. Banks has failed to establish the existence of a genuine issue of material fact with respect to any discriminatory intent on the part of the city. *See* Fed.R.Civ.P. 56(c), Fed.R.Civ.P. 56(e). As the trial court noted, much of the evidence relied on by Mr. Banks "is of dubious relevance" and, "more importantly, has no reference to or hint of anything related to age as a factor in the determination to discharge plaintiff." Rather, that evidence appears to support the admission made by Mr. Banks himself, as paraphrased by the trial court, that if he had " 'played the [political] game' he could have been 160 years old and the proposal to eliminate his job ... would not have occurred." We therefore affirm the trial court's grant of summary judgment to the city. *See, e.g., White,* 985 F.2d at 436.

## II.

■ Mr. Banks moved for reconsideration of the summary judgment order, citing newly discovered evidence acquired in a contemporaneous, different age discrimination case against the city. The trial court denied that motion. We see no abuse of discretion in

that denial. *See, e.g., Concordia College Corp. v. W.R. Grace and Co.,* 999 F.2d 326, 330 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 926, 127 L.Ed.2d 218 (1994).

## III.

For the reasons stated, we affirm the judgment of the trial court.