25 F.3d 702
 64 Fair Empl.Prac.Cas. (BNA) 1633,
64 Empl. Prac. Dec. P 43,065
Patrick K. SWEENEY, Plaintiff-Appellant,
v.
CITY OF LADUE; City of Ladue Police Department; Edith J.
Spink, Mayor of the City of Ladue; Edwin B. Meissner,
Chairman of the City of Ladue Board of Armed Police
Commissioners; Embert Dwyer, Vice-Chairman of the City of
Ladue Board of Armed Police Commissioners; Calvin Dierberg,
Chief of the Ladue Police Department, Defendants-Appellees.
 No. 93-3503.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 15, 1994.
Decided June 6, 1994.
 
 Brian Allen Spector, St. Louis, MO, argued (Patrick K. Sweeney, on the brief), for appellant.
 F. Douglas O'Leary, St. Louis, MO, argued (John G. Enright, on the brief), for appellees.
 Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 FLOYD R. GIBSON, Senior Circuit Judge.
 
 
 1
 Patrick Sweeney, a Ladue police officer, appeals from the district court's[1] grant of summary judgment in his action against the City of Ladue, the Ladue Police Department, and certain Ladue officials for retaliatory discharge under Title VII, 42 U.S.C. Sec. 2000e et seq., and the Missouri Human Rights Act, Mo.Rev.Stat. Sec. 213.070 ("MHRA"). We affirm.I. BACKGROUND
 
 
 2
 On August 12, 1991, Lisa Jones, a Ladue Police Department communications officer, quit her job and accused unidentified supervisors of sexual harassment. Shortly after her resignation, Jones released the City of Ladue and its employees from any claims in connection with her former employment. However, because Jones refused to name the persons responsible for sexually harassing her, Ladue officials continued to investigate her allegations. During this investigation, officials learned that Jones and Patrick Sweeney were romantically involved and were living together. When officials questioned Sweeney about Jones' resignation, he denied their relationship and denied any knowledge about sexual harassment occurring within the Ladue Police Department. The Mayor of Ladue terminated Sweeney on October 7, and Jones filed a complaint with the Equal Employment Opportunity Commission ("EEOC") a few weeks after his discharge.
 
 
 3
 Sweeney alleged that he was unlawfully terminated in retaliation for his relationship with Jones, a person engaged in protected activity under Title VII and the MHRA. Sweeney claimed that he was untruthful during the investigation because he feared being accused of sexual harassment. In response, the Mayor stated that she fired Sweeney because he lied during the Jones investigation and because of numerous work-related and off-duty improprieties.[2] The district court concluded that Sweeney had failed to establish a factual dispute concerning the connection between his discharge and Jones' protected activity. The court granted the defendants' joint motion for summary judgment, and Sweeney appeals.
 
 II. DISCUSSION
 
 4
 Summary judgment is appropriate if, viewing the evidence in a light most favorable to the non-moving party, there is no genuine issue of material fact. Weber v. American Express Co., 994 F.2d 513, 515 (8th Cir.1993). When a properly supported motion for summary judgment is made, the adverse party must come forward with specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). "Although summary judgment should seldom be granted in employment discrimination cases, if the plaintiff fails to establish a factual dispute on each element of the prima facie case, summary judgment is appropriate." Weber, 994 F.2d at 515-16 (citations omitted).
 
 
 5
 Both Title VII and the MHRA prohibit employers from retaliating against employees who oppose an unlawful employment practice or who assist others in asserting their employment rights. 42 U.S.C. Sec. 2000e-3(a) (1988); Mo.Rev.Stat. Sec. 213.070(2) (1994). "In order to establish a prima facie case of retaliation [under Title VII], the plaintiff has to show that (1) [ ]he engaged in a protected activity; (2) that adverse employment action occurred; and (3) that there is a causal connection between the two." Sherpell v. Humnoke School Dist. No. 5, 874 F.2d 536, 540 (8th Cir.1989).[3] The MHRA also prohibits "discriminat[ion] in any manner against any other person because of such person's association with any person protected by this chapter." Id. at Sec. 213.070(4). The district court held, and we agree, that in order to make a prima facie case under section 213.070(4), the plaintiff must show that (1) he associated with someone protected by the MHRA; (2) that adverse employment action occurred; and (3) that there is a causal connection between the two.
 
 
 6
 Sweeney argues that the close temporal proximity (less than two months) between Jones' protected activity and his discharge demonstrates that the two are causally linked.[4] However, the chronology of events is insufficient to support Sweeney's theory. This is not the case of an employee complaining about an unlawful employment practice or filing a discrimination lawsuit and then being summarily dismissed within a few days. At the time of Sweeney's discharge, Jones had already released any cause of action she may have had against the City of Ladue and had not yet filed an EEOC complaint. The City's decision to terminate Sweeney cannot be viewed as an act of retaliation because there was nothing to retaliate against at the time of his dismissal. Rather, the timing of Sweeney's termination coincides with his untruthfulness during the sexual harassment investigation.
 
 
 7
 Sweeney challenges the credibility of the Mayor's reasons for his discharge and argues that his personnel file was reviewed only after Jones made her allegations and that some of the complaints against him were several years old. Sweeney ignores the fact that his record was reviewed after he lied during a departmental investigation. His reliance on Womack v. Munson, 619 F.2d 1292 (8th Cir.1980), cert. denied, 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981), is misplaced because in Womack, the plaintiff's admission and subsequent denial of his involvement in police brutality were inextricably linked to his then-pending suit for discriminatory discharge. Id. at 1297. In this case, Sweeney's hinderance of the sexual harassment investigation is obviously not part of the protected activity. Moreover, his untruthfulness during the investigation was the culmination to a litany of other legitimate, nondiscriminatory reasons for his termination. See White v. McDonnell Douglas Corp., 985 F.2d 434, 436 (8th Cir.1993) (finding no genuine issue of fact regarding either discriminatory intent or the credibility of the employer's reasons for its decisions). Because Sweeney has failed to sustain his burden of showing that there is a genuine issue for trial, we affirm the district court's order granting summary judgment in favor of the defendants.
 
 III. CONCLUSION
 
 8
 For the foregoing reasons, we affirm the district court's judgment.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 These complaints include: disobeying departmental rules about off-duty assignments; driving at an excessive rate of speed without emergency lights; failing to report his lunch break location; failing to a log a police call the Mayor made; behaving immaturely and rudely; and allegedly striking one Lisa Jones' children
 
 
 [3]
 "Our analysis is the same for both the state and federal claims because decisions under the various federal employment discrimination statutes are applicable and authoritative under the Missouri Human Rights Act as well as federal law." Finley v. Empiregas, Inc., 975 F.2d 467, 473 (8th Cir.1992) (quotation omitted)
 
 
 [4]
 Like the district court, we assume without deciding that Title VII would prohibit retaliation against an employee because of a close friend's protected activity