# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————

No. 03-2482

————

Jean Freeman,                     *
                                  *
            Appellant,            *
                                  *  Appeal from the United States
      v.                          *  District Court for the
                                  *  District of Nebraska.
Mike Fahey, Mayor; Mike Saklar,   *
Coordinator; Bob Peters, Interim  *
Director,                         *
                                  *
            Appellees.            *

————

Submitted: June 1, 2004
Filed:  July 8, 2004

————

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

————

RILEY, Circuit Judge.

Jean Freeman (Freeman) appeals the district court's[1] adverse grant of summary judgment in her action alleging race discrimination in the allocation of federal block grant funds. Upon de novo review, see Rowe v. Union Planters Bank of S.E. Mo., 289 F.3d 533, 535 (8th Cir. 2002), we affirm.

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Freeman filed an *in forma pauperis* complaint against Omaha Mayor Mike Fahey, Community Development Block Grant Program Coordinator Mike Saklar, and Omaha City Planning Department Director Bob Peters (collectively City of Omaha defendants), in connection with the Omaha City Planning Department's denial of her applications for Community Development Block Grant and Supportive Housing Program funds. The district court construed Freeman's complaint as raising claims that the City of Omaha defendants had violated 42 U.S.C. § 5309, which prohibits discrimination under any program funded through Chapter 69 of the Housing and Community Development Act, and 42 U.S.C. § 1983. The district court then concluded Freeman had no privately enforceable rights under those statutes.

We agree section 5309 does not create a private right of action for Freeman. Whether Freeman has a statutory right of action against the City of Omaha defendants depends on our construction of section 5309. MM&S Fin., Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., 364 F.3d 908, 910 (8th Cir. 2004) (citing Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979)). In construing section 5309, we ask "whether Congress intended to create the private right of action asserted" by Freeman. Redington, 442 U.S. at 568. We recognize that just because "a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Id. (quoting Cannon v. Univ. of Chicago, 441 U.S. 677, 688 (1979)). "The ultimate question is one of congressional intent, not one of whether this Court thinks that it can improve upon the statutory scheme that Congress enacted into law." Id. at 578.

Section 5309 states, "No person in the United States shall on the ground of race . . . or sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program . . . funded . . . with funds made available under this chapter." 42 U.S.C. § 5309(a). We conclude the statute does not evince Congress's intent to provide a private remedy. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284 (2002) (even when statute contains rights-creating language, a plaintiff must

still show "the statute manifests an intent 'to create not just a private *right* but also a private *remedy*'") (quoting Alexander v. Sandoval, 532 U.S. 275, 286 (2001)). Rather, section 5309 provides for administrative enforcement of the anti-discrimination provisions by the Secretary of Housing and Urban Development, and for judicial enforcement through a civil action by the Attorney General, suggesting Congress intended to place enforcement in the hands of the Secretary, rather than private parties. See 42 U.S.C. § 5309(b), (c); Alexander, 532 U.S. at 290 (express provision of one means of enforcing substantive rule suggests Congress intended to preclude other means of enforcement; suggestion may be so strong as to overcome other language in statute that could support finding a private right of action).[2]

Adopting the position of the majority of courts that have considered the question, we conclude Congress did not intend that section 5309 provide a private right of action. See, e.g., Latinos Unidos de Chelsea en Accion (LUCHA) v. Sec'y of HUD, 799 F.2d 774, 795 (1st Cir. 1986); Reyes v. Erickson, 238 F. Supp. 2d 632, 636-37 (S.D.N.Y. 2003); Am. Conveyor Corp. v. Municipality of Guanica, 614 F. Supp. 922, 927 (D.P.R. 1985); Nabke v. United States Dep't of HUD, 520 F. Supp. 5, 9 (W.D. Mich. 1981).

Although Freeman has no private right of action under section 5309, she may have asserted a claim under Title VI of the Civil Rights Act of 1964. See 42 U.S.C. § 2000d et seq. Title VI states, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the

---

[2]Although the implementing regulations mention a right to file a private civil action, see 24 C.F.R. § 6.11(e)(3), the regulations could not create a private right of action because regulations "may not create a right that Congress has not." See Alexander, 532 U.S. at 291 ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not."); Redington, 442 U.S. at 577 n.18 (stating "the language of the statute and not the rules must control").

benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Id. § 2000d. "Although Title VI does not mention a private right of action, [the Supreme Court's] decisions have found an *implied* right of action." Barnes v. Gorman, 536 U.S. 181, 185 (2002); see also Alexander, 532 U.S. at 279-80 (stating "private individuals may sue to enforce § 601 of Title VI and obtain both injunctive relief and damages," and further explaining "§ 601 prohibits only intentional discrimination"); Fuller v. Rayburn, 161 F.3d 516, 518 (8th Cir. 1998) (concluding "Title VI generally permits recovery of damages for intentional discrimination").

Notwithstanding Freeman's ability to assert a Title VI claim against the City of Omaha defendants, we conclude affirmance is warranted here because, even assuming Freeman established a prima facie case of race discrimination, she presented no evidence rebutting the City of Omaha defendants' legitimate nondiscriminatory reasons for not awarding her funding, namely, her 2001 application was incomplete, she did not appear at critical meetings, and her program did not meet funding goals. See Fuller, 161 F.3d at 518 (applying McDonnell Douglas burden-shifting analysis to Title VI claim). While 42 U.S.C. § 1983 presents another possible avenue for relief, any section 1983 claim asserted by Freeman would fail for the same reasons her section 5309 and Title VI claims fail.

Finally, we summarily dismiss Freeman's remaining contentions. To the extent Freeman is challenging the district court's denial of her request for appointed counsel, we find no abuse of discretion. We also conclude Freeman may not raise a gender-discrimination claim for the first time on appeal. See Taylor v. S.W. Bell Tel. Co., 251 F.3d 735, 740 (8th Cir. 2001). We also deny Freeman's pending motion as moot.

Accordingly, we affirm the district court's grant of summary judgment in favor of the City of Omaha defendants.

_____