# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3618

_____

Eva Angelica Lucke

*Plaintiff - Appellant*

v.

Andrew Solsvig, individually and in his capacity as Director, Minot International Airport; City of Minot, a North Dakota Municipal Corporation

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: October 17, 2018
Filed: January 3, 2019

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Appellant, Eva Lucke, owns a building located on property leased from the Minot International Airport in Minot, North Dakota. She filed suit against Appellees, the City of Minot and Minot International Airport Director Andrew Solsvig, in his individual and official capacities, alleging racial discrimination in violation of 42 U.S.C. §§ 1981 and 1983, Title VI of the Civil Rights Act of 1964, and the Equal

Protection Clause of the Fourteenth Amendment. The district court[1] granted summary judgment in favor of Appellees on all claims. Ms. Lucke appeals. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Ms. Lucke, a Hispanic woman, purchased a building on airport property in 1983 and opened Minot Aviation, an aviation-themed hobby shop, in 1985. She originally ran a crop-spraying business and offered flight lessons out of the remainder of the building, but discontinued such operations sometime prior to 2001. Ms. Lucke now leases the majority of her building to her ex-husband, Stewart Lucke, to construct experimental aircraft.

Ms. Lucke's most recent written lease with the City of Minot ran from March 2003 until September 2013. In 2006, the City commenced an unlawful detainer action against her, which was dismissed. When her lease ended, she held over as a month-to-month tenant until December 2015, when the City offered her the lease at issue here. The new lease offered Ms. Lucke an 18-month initial term, renewable on a year-to-year basis with mutual consent, at a rate of $0.30 per square foot per annum. Fred Anderson, a Caucasian man who owns an inactive crop-spraying business located on airport property, was offered a lease with identical terms.

After requesting and receiving copies of new leases offered to other tenants around the same time, Ms. Lucke determined her offered lease terms compared unfavorably to those presented to another tenant, PS Properties, LLP. PS Properties was offered a new lease with an initial term of 20 months, an option to renew for 20 years with mutual consent, and an initial rent rate of $0.30 per square foot per year,

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

to be adjusted after the first five years. When Ms. Lucke asked Director Solsvig why she was offered different lease terms, Director Solsvig cited the airport's need for flexibility as it redeveloped, as well as concerns about the physical state of Ms. Lucke's building and whether her hobby shop qualified as an aeronautical use under FAA regulations.

Considering the lease terms offered to her inferior to those offered to PS Properties due to the differences in the leases' initial durations and renewal options, Ms. Lucke filed suit. She alleged that Appellees presented her with these unfavorable lease terms because of her race. Appellees moved for summary judgment. The district court granted Appellees' motion, finding that Ms. Lucke had not presented sufficient evidence to establish a prima facie case and that, even if she had, Appellees presented legitimate, nondiscriminatory reasons for the differing lease terms and Ms. Lucke could not establish those reasons were merely pretextual. Ms. Lucke then appealed to this Court.

## II.

Ms. Lucke argues on appeal that the district court erred in granting Appellees' motion for summary judgment when it concluded that she failed to meet her burden of establishing an inference of unlawful discrimination. "We review de novo a grant of summary judgment, considering the facts in the light most favorable to the nonmoving party." Meuir v. Greene Cnty. Jail Emps., 487 F.3d 1115, 1118 (8th Cir. 2007). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Doe ex rel. Thomas v. Tsai, 648 F.3d 584, 587 (8th Cir. 2011). The nonmoving party must cite to specific facts in the record demonstrating a genuine issue of fact for trial and may not rely solely on allegations. Fed. R. Civ. P. 56(c); Mosley v. City of Northwoods, 415 F.3d 908, 910 (8th Cir. 2005).

A plaintiff may prove unlawful racial discrimination through either direct or circumstantial evidence. Young v. Builders Steel Co., 754 F.3d 573, 577 (8th Cir. 2014). If she presents circumstantial evidence, she must proceed under the framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under McDonnell Douglas, a plaintiff may establish a prima facie case of racial discrimination through evidence giving rise to an inference that she has been intentionally discriminated against because of her race. Young, 754 F.3d at 577. She may do so by showing that a similarly-situated person of another race received more favorable treatment. Id. at 578. That person must be "similarly situated in all relevant respects." Id. (quoting Chappell v. Bilco Co., 675 F.3d 1110, 1119 (8th Cir. 2012)).

A person is similarly situated to the plaintiff if he or she possesses all the relevant characteristics the plaintiff possesses except for the characteristic about which the plaintiff alleges discrimination. See Barstad v. Murray Cnty., 420 F.3d 880, 886-87 (8th Cir. 2005) (landowners denied a permit to build an RV campground on their land were not similarly situated to successor landowner who received a permit to build a dock and two cabins because, even though they sought to improve the same parcel of land, they did not seek to institute the same improvements); Meyers v. Ford Motor Co., 659 F.2d 91, 93-94 (8th Cir. 1981) (white male car dealership operator who voluntarily terminated his dealership contract without negotiating was not similarly situated to his black male predecessor because the predecessor had a long-term relationship with the car company and received a more favorable termination package by negotiating for one). What constitutes a "relevant respect" or characteristic varies based on the context. See Barstad, 420 F.3d at 884-85 (land use context); Chappell, 675 F.3d at 1119 (employment context). The plaintiff has the burden of locating similarly-situated comparators. Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972 (8th Cir. 1994).

If a plaintiff succeeds in establishing her prima facie case, the defendant must then show a "legitimate, non-discriminatory reason" for the challenged conduct. Young, 754 F.3d at 577-78. Legitimate, non-discriminatory reasons must be "clear and reasonably specific." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 258 (1981). Examples include that the defendant's actions stemmed from economic motivations rather than racial animus, see Meyers, 659 F.2d at 94, or, in the employment context, that the plaintiff violated a workplace rule or policy, see Chappell, 675 F.3d at 1119, or demonstrated poor work performance. Fiero v. CSG Sys., Inc., 759 F.3d 874, 878 (8th Cir. 2014). Should the defendant articulate such a reason, the burden shifts back to the plaintiff to show that the offered reason is pretextual. Young, 754 F.3d at 578. This requires more than merely disputing the reason; the plaintiff must present evidence "that the reason was false, and that discrimination was the real reason." Ryther v. KARE 11, 108 F.3d 832, 838 n.5 (8th Cir. 1997) (emphasis omitted) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993)).

The plaintiff may show pretext either through discrediting the proffered reasons or through showing "that a discriminatory reason more likely motivated the [defendant] . . . ." White v. McDonnell Douglas Corp., 985 F.2d 434, 436 (8th Cir. 1993) (quoting Burdine, 450 U.S. at 256). In this Court, "the applicable standard . . . on summary judgment . . . 'require[s] only that [the] plaintiff adduce enough admissible evidence to raise a genuine doubt as to the legitimacy of the defendant's motive, even if that evidence [does] not directly contradict or disprove [the] defendant's articulated reasons for its actions.'" Strate v. Midwest Bankcentre, Inc., 398 F.3d 1011, 1021 (8th Cir. 2005) (alterations in original) (emphasis omitted) (quoting Davenport v. Riverview Gardens Sch. Dist., 30 F.3d 940, 945 n.8 (8th Cir. 1994)). However, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Burdine, 450 U.S. at 253.

While <u>McDonnell Douglas</u> itself dealt with racial discrimination under Title VII of the Civil Rights Act of 1964, <u>see</u> 411 U.S. at 802, we apply its burden-shifting framework when analyzing racial discrimination claims in a host of other contexts. <u>See</u> <u>Wimbley v. Cashion</u>, 588 F.3d 959, 961-62 (8th Cir. 2009) (Fourteenth Amendment claims); <u>Freeman v. Fahey</u>, 374 F.3d 663, 666 (8th Cir. 2004) (Title VI claims); <u>Richmond v. Bd. of Regents of Univ. of Minn.</u>, 957 F.2d 595, 598 (8th Cir. 1992) (§ 1981 and § 1983 claims).  Ms. Lucke relies solely on circumstantial evidence in making her claims.  Each of her four claims thus falls under the <u>McDonnell Douglas</u> analysis.

The district court found that Ms. Lucke failed to make out a prima facie case of discrimination because she did not identify a similarly-situated individual of another race who received more favorable treatment.  Ms. Lucke argues that PS Properties is similarly situated because she, like PS Properties, operates out of a large permanent building with a concrete foundation.  However, Appellees counter that PS Properties holds ten airport leases and runs an entirely different form of business than Ms. Lucke runs.  They point to Fred Anderson, a male Caucasian, as a similarly-situated individual because, like Ms. Lucke, Anderson owns an inactive crop-spraying business and uses his hangar for aircraft storage.  Because Anderson received new lease terms identical to those offered Ms. Lucke, Appellees contend Ms. Lucke cannot show her new lease terms constitute intentional discrimination against her because of her race.  <u>See</u> <u>Henry v. Hobbs</u>, 824 F.3d 735, 740 (8th Cir. 2016) ("[D]efendants have provided evidence that a similarly-situated Caucasian employee was subject to the same treatment . . . .  Thus, the only evidence in the record concerning a similarly situated Caucasian employee undermines [plaintiff]'s claim that his termination was motivated by race.").

However, even assuming Ms. Lucke successfully states a prima facie case, she cannot survive summary judgment because she fails to rebut the nondiscriminatory reasons Appellees offered for their conduct.  Appellees presented the district court

with three legitimate, nondiscriminatory reasons for the differing lease terms: (1) the airport's need for flexibility in its redevelopment efforts; (2) concern over the physical state of Ms. Lucke's building, and (3) concern over whether a hobby shop is an FAA-approved aeronautical use. Ms. Lucke does not dispute on appeal that these reasons are both legitimate and nondiscriminatory. Despite this fact, she does not present evidence showing that an impermissible, discriminatory reason more likely motivated Appellees. See White, 985 F.2d at 436. Ms. Lucke argues only that Appellees' concern over the nature of her business is unjustified and pretextual. Her brief mentions the airport's need for flexibility only in passing and does not reference the physical state of her building at all. Even though Ms. Lucke is not required to directly contradict each of Appellees' stated reasons through evidence, see Strate, 398 F.3d at 1021, by introducing no evidence at all against either of these arguments, she does not even raise a genuine doubt as to their legitimacy. Id. Because Ms. Lucke cannot discredit Appellees' proffered reasons, see White, 985 F.2d at 436, and has not presented other evidence that raises a genuine doubt as to the legitimacy of Appellees' motives, see Strate, 398 F.3d 1021, she cannot meet her burden under McDonnell Douglas to show discriminatory intent. We therefore find Ms. Lucke cannot prevail on her claims.

        The district court's grant of summary judgment is affirmed.

_____