Debbie **BRISCOE**, Appellee,

v.

**FRED'S DOLLAR STORE, INC.**, Appellant.

No. 93–2778.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1994.

Decided May 6, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied June 28, 1994.

Abraham W. Bogoslavsky, Little Rock, AR, argued, for appellant.

Alvin L. Simes, West Helena, AR, argued, for appellee.

Before BOWMAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Ms. Debbie Briscoe brought this action against Fred's Dollar Store ("Fred's") claiming that she was discharged in violation of Title VII of the Civil Rights Act of 1964. The district court [1] determined that Fred's discharged Ms. Briscoe on the basis of her race and Fred's appealed, 822 F.Supp. 1353. At issue is whether the district court erred in finding discrimination on the record before it, and whether the court abused its discretion by reopening the plaintiff's case sua sponte before ruling on whether the action was timely filed and by issuing a permanent injunction. We affirm.

## I.

Debbie Briscoe, an African–American female, was a part-time employee of Fred's who was hired and supervised by Ms. Carol Way. In the summer of 1989, Ms. Way and Ms. Briscoe agreed that Ms. Briscoe would take a one-week vacation, beginning Friday, September 1. The following Thursday evening, however, the Briscoes allegedly experienced car trouble as they were attempting to return to Arkansas. According to Ms. Briscoe, she "went to [the] nearest phone and called [her] mother" collect, and asked her to call Fred's. On Friday morning, Ms. Way received a call informing her that Ms. Briscoe would not be back until Monday. Upon Ms. Briscoe's arrival at work on Monday, Ms. Way asked her to explain her absence. When she explained that she had car problems, Ms. Way expressed her disbelief. She then fired Ms. Briscoe. Ms. Way documented the reason for Ms. Briscoe's termination as "failure to report to work scheduled hours [and] not calling in herself when she could not come to work." At trial, the defendant advanced as reasons for Ms. Briscoe's discharge that she had lied to her manager, that she had numerous customer complaints, and that she was generally insubordinate.

---

1. The Honorable George Howard, Jr., District Judge, United States Court for the Eastern and Western District of Arkansas.

## II.

Fred's moved for a judgment as a matter of law after the plaintiff rested her case-in-chief, on the ground that there was no proof that the suit was filed within 90 days of the plaintiff's receipt of the right-to-sue letter from the E.E.O.C., *see* 42 U.S.C. § 2000e–5(f)(1) (1994). The court, sua sponte and over the objections of the defendant, re-opened the plaintiff's case to allow her to show that she had filed her suit in a timely manner. The plaintiff then located the postal employee who was responsible for the delivery of the letter and who held records purporting to verify the date of delivery. He testified that the letter was delivered on August 19, 1991, placing the filing of the lawsuit within the 90–day time limit. The court credited this testimony.

■ While it may be infrequently exercised, "[a] court has, of course, the general power to reopen a case, either on motion of a party or on its own motion, while the matter is still under advisement, for the receipt of further evidence." *Arthur Murray, Inc. v. Oliver*, 364 F.2d 28, 34 (8th Cir.1966). Since the decision as to whether to reopen the plaintiff's case-in-chief is within the discretion of the trial court, we will not disturb it absent an abuse of such discretion.

■ It is not an abuse of discretion for a district court to reopen a plaintiff's case where a defendant is given an opportunity to challenge the new evidence introduced. *Ingram v. Missouri Pacific Railroad Co.*, 897 F.2d 1450, 1455 n. 5 (8th Cir.1990). In *Ingram*, we found no abuse of discretion in a Title VII discharge case where the plaintiff was permitted to introduce evidence of disparate treatment after the close of all evidence and the commencement of closing arguments. *Id.* Fred's was not more disadvantaged than the defendant in *Ingram*. First, the plaintiff here introduced evidence after having just rested her case, rather than after closing argument had begun. Second, Fred's had the opportunity to cross-examine the postal worker and to present any additional evidence that it wished to. As a result, we cannot conclude that the district court's action to reopen the plaintiff's case was an abuse of discretion.

## III.

Fred's contends that the district court was clearly erroneous in finding that Ms. Briscoe was terminated on the basis of her race. We review the record to determine whether the contention of clear error has merit.

■ Fred's policy manual provides sanctions for unexcused absences ranging from counselling for the first occurrence to probation and discharge for the third and fourth occurrences. The record contains evidence to support a finding that during her employment with Fred's Ms. Briscoe received three formal performance appraisals. All three show that Ms. Briscoe maintained a perfect attendance record, and each praises her punctuality. The district court therefore concluded that Fred's did not apply the relevant provisions of the policy manual to Ms. Briscoe's case, and, since Fred's usually followed its policy manual when dealing with White employees, the court drew the inference that a racial animus was operating in this case. We are not prepared to say that this finding is clearly erroneous.

While the defendant articulated a non-discriminatory reason for the discharge, the record supports the district court's finding that these reasons were pretextual. The reasons for the discharge that Ms. Way testified to at trial differed substantially from those that she advanced at the time of the discharge. This disparity lends support to the court's conclusion that the reasons articulated at trial were mere pretexts for an impermissible reason for termination under Title VII.

## IV.

■ Fred's takes exception to the permanent injunction that the district court issued against the implementation of Fred's "policies and regulations ... in a racially discriminatory manner." District courts have broad discretion to issue an injunction once discrimination has been established in a Title VII action. *Taylor v. Teletype Corp.*, 648 F.2d 1129, 1135 (8th Cir.) *cert. denied*, 454 U.S. 969, 102 S.Ct. 515, 70 L.Ed.2d 386 (1981).

The exercise of such discretion will not be disturbed absent a showing of abuse.

■ The district court's exercise of discretion in this case was based on its finding that Fred's implementation of its policies and regulations revealed a "consistent practice" of discrimination against its Black employees. The plaintiff presented evidence that she alone was not permitted to bring her purse into the store, or to be present in the store more than five minutes before the start of her shift. She also presented evidence that she was assigned menial and humiliating duties aside from those required of similarly situated co-workers. Furthermore, evidence was presented to show that the position of office clerk, when vacated by the only other Black employee of the store, was elevated to the position of assistant manager, with concomitant management training, when filled by a White employee. When considered in light of testimony that employees were told to follow Black customers throughout the store, a finding of a prevailing atmosphere of racial animus against Blacks in general, and Black employees in particular, is not an unreasonable one. In sum, the record supports a finding that Fred's had "engaged in a consistent practice of discriminating against its Black employees in implementing Defendant's policies and regulations." The imposition of a permanent injunction under these circumstances is well within the district court's discretion.

## V.

For the foregoing reasons, we affirm the judgment of the district court.