57 F.3d 1074
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Debbie BRISCOE, Appellant,
v.
FRED'S DOLLAR STORE, INC., originally sued as Fred's
Discount, Appellee.
 No. 94-3446
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 5, 1995
Filed: May 22, 1995
 
 Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Fred's Dollar Store, Inc. (Fred's) appeals the district court's award of attorney's fees in this employment discrimination action. We affirm, but remand for a modification of the award as discussed below.
 
 
 2
 Debbie Briscoe brought this action against Fred's alleging that she was discharged on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. The district court entered judgment in her favor and this court affirmed. Briscoe v. Fred's Dollar Store, Inc., 24 F.3d 1026 (8th Cir. 1994). Briscoe moved for attorney's fees in the district court, but Fred's objected to many of the time entries for which Briscoe's counsel sought payment and to the requested hourly rate of compensation for counsel, his law clerk, and his paralegal. The district court approved counsel's $125 hourly rate; however, it reduced the total requested award by approximately 21%, which included a decrease in the law clerk and paralegal's rate to $45 an hour. Fred's appeals.
 
 
 3
 In awarding attorney's fees incurred on appeal, this court previously assessed counsel's level of experience and the customary rate in the relevant region, and found $125 an hour to be excessive. Fred's Dollar Store, Inc., v. Briscoe, No. 93-2778, slip op. at 2 (unpublished per curiam). Based on our prior assessment, we find $100 an hour to be a reasonable rate for counsel's trial court efforts and $25 an hour to be a reasonable rate for the paralegal and law clerk. Thus, the amounts awarded should be reduced to $11,000 for counsel's services, $625 for the law clerk's services, and $500 for the paralegal's services.
 
 
 4
 As to the hours upon which the fee award was based, we believe the district court's calculation was proper. First, the district court properly compensated counsel for time spent prior to his entry of appearance. See McDonald v. Armontrout, 860 F.2d 1456, 1462 (8th Cir. 1988) (fee awards not limited to work performed after complaint filed; allow recovery for time spent investigating facts and researching viability of claims). Second, while the district court did not specify that it adjusted the award to eliminate hours spent on issues on which Briscoe did not prevail, in light of the court's overall reduction, we see no abuse of discretion. Cf. Hensley v. Eckerhart, 461 U.S. 424, 434-35 (1983) (district court may attempt to identify and eliminate time spent on unsuccessful claims or may merely reduce award to account for limited success; "court necessarily has discretion in making this equitable judgment").
 
 
 5
 Accordingly, we remand with instructions for the district court to modify the award in a manner consistent with this opinion.