**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ABRAHAM GRAYTON,
Plaintiff-Appellant,

v.

No. 96-1562

DONNA E. SHALALA, SECRETARY OF
HEALTH AND HUMAN SERVICES,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CA-94-3221-HNM)

Argued: January 27, 1997

Decided: April 16, 1997

Before ERVIN and LUTTIG, Circuit Judges, and
HILTON, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Rebecca Newman Strandberg, Bethesda, Maryland, for
Appellant. Charles Joseph Peters, Sr., Assistant United States Attor-
ney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Lynne A. Bat-
taglia, United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Abraham Grayton appeals from the district court's grant of summary judgment. Appellant claims unlawful age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., by the appellee/defendant for failing to promote him to the position of shop planner at the National Institutes of Health ("NIH") power plant. We affirm.

I.

From January, 1976 until his recent retirement, Grayton was employed as a boiler plant operator at the NIH power plant. Grayton was 54 years old at the time he applied for a position as Shop Planner in the NIH power plant in September, 1990. Grayton was among five individuals who were listed as "highly qualified" on a merit promotion certification provided to the selecting official, John Vilgos. Vilgos sent the certification to Peter Baum to review the applications of each candidate. Baum interviewed the highly qualified candidates in conjunction with his assistant Raymond Mullinix. Baum and Mullinix discussed the merits of each candidate and recommended Jerome Best to Vilgos. Vilgos followed the recommendation of Baum and Mullinix and selected Best, a 42 year old male, for the position. Following Vilgos' decision, Grayton initiated a proceeding with the EEOC. On August 18, 1994, following an investigation and hearing, the EEOC determined that there had been no discrimination. On November 18, 1994, Grayton filed this suit in federal district court.

II.

We review grants of motions for summary judgment de novo on appeal. Jackson v. Kimel, 992 F.2d 1318, 1322 (4th Cir. 1993). Summary judgment is appropriate when there is no genuine issue as to any

2

material fact. Fed.R.Civ.P. 56(c). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). A material fact in dispute appears when its existence or non-existence could lead a jury to different outcomes. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the nonmoving party. Id. at 248. Unsupported speculation is not enough to withstand a motion for summary judgment. Ash v. United Parcel Service, Inc., 800 F.2d 409, 411-12 (4th Cir. 1986). In order to establish a claim under the ADEA, a plaintiff must show that "but for the employer's motive to discriminate against plaintiff on the basis of age," the discriminatory action would not have occurred. E.E.O.C. v. Clay Printing Co., 955 F.2d 936, 940 (4th Cir. 1992).

Grayton alleges that the district court erred when it granted summary judgment to the government relying upon the Fourth Circuit's opinion in O'Connor v. Consolidated Coin Caterers Corp., 56 F.3d 542 (4th Cir. 1995), which was reversed by the U.S. Supreme Court at 116 S. Ct. 1307 (1996). This Court had held in O'Connor that if the individual selected was within the protected class, i.e. over 40 years old, then plaintiff could not make out a prima facie case under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The Supreme Court in O'Connor stated that the fact "[t]hat one member of the protected class lost out to another member is irrelevant, so long as he lost out because of his age. The latter is more reliably indicated by the fact that his replacement was substantially younger than by the fact that his replacement was not a member of the protected class." O'Connor, 116 S. Ct. at 1310. Grayton contends that he was entitled to the inference of discrimination under the McDonnell Douglas standard, forcing the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." O'Connor, 116 S. Ct. at 1310 (citing McDonnell Douglas, 411 U.S. at 802). The government concedes that following the Supreme Court's decision in O'Connor Grayton is able to make out a prima facie case under McDonnell Douglas.

Despite conceding the prima facie case, the government contends that plaintiff cannot prove his case under the McDonnell Douglas

3

scheme. Establishing a prima facie case raises only an inference of discrimination. The defendant can then offer legitimate non-discriminatory explanations for the allegedly discriminatory acts. McDonnell Douglas, 411 U.S. at 802. The employer is not required to prove the absence of a discriminatory motive, but merely articulate some legitimate reason for its action. EEOC v. Western Elec. Co., Inc., 713 F.2d 1011, 1014 (4th Cir. 1983). The plaintiff must then bear the "ultimate burden of persuasion" and show by a preponderance of the evidence that the defendant's explanations are pretextual or otherwise unworthy of credence. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511-12 (1993).

The record contains ample evidence of a legitimate reason for the government's hiring of Best over Grayton. The selecting officer, Vilgos, testified at the administrative hearing that he selected Best because of his knowledge of the plant and maintenance work, because he thought Best could make the transition from maintenance to planner, which was more of an office job, and because Best was technically very thorough and had demonstrated the ability to research and develop multiple options to solve a problem. Baum testified at the hearing that he recommended the selection of Best because of his excellent communication skills, his knowledge and ability as a maintenance mechanic and operator and knowledge of plant equipment. Baum testified that he knew that Grayton had been a Petty Officer in the Navy, but said that he was not as skilled a mechanic as Best and had not shown initiative in problem solving as had Best. Baum's assistant, Mullinix, also stated legitimate reasons for the selection of Best over Grayton. Mullinix recommended Best over Grayton due to his superior problem solving abilities. Mullinix pointed out that Grayton, while being a very good operator, lacked leadership ability and initiative.

In response to the government's non-discriminatory reasons for the selection the plaintiff has only produced circumstantial or indirect evidence in the following categories: statistical; shifting reasons of management; preselection by the agency; failure to consider plaintiff's naval experience; requirement of computer skills for the job.

The statistical evidence proffered by Grayton included the allegation that he applied for similar promotions on 27 occasions, was

4

found qualified on 26 of those occasions and was never promoted. Grayton also argues that age-based discrimination is evident from the fact that during the period of 1985-1990, none of the employees promoted to the position of shop planner was over the age of 43. Although statistical evidence can be probative of discrimination, the usefulness of statistics depends on the surrounding facts and circumstances. Carter v. Ball, 33 F.3d 450, 456 (4th Cir. 1994) (quoting International Brotherhood of Teamsters v. United States, 431 U.S. 324, 340 (1977)). Grayton's proffered statistical evidence does not prove discrimination. In fact certain circumstances suggest that there was no age discrimination. For example, at the time Grayton first applied for a similar position in 1977 Grayton was 41 and younger than the person ultimately selected. During the six year period between 1985 and 1990 there were seven promotions for which Grayton was qualified and not chosen, however Grayton has introduced no evidence regarding the qualified labor pool. The statistical data proffered by Grayton is deficient and cannot be relied upon since it does not include the ages of the qualified population in the relevant labor pool. Henson v. Ligget Group, Inc., 61 F.3d 270, 276 (4th Cir. 1995) (citing Mallory v. Booth Refrigeration Supply Co., Inc., 882 F.2d 908, 912 (4th Cir. 1989)); see also Carter, 33 F.2d at 456-57.

Grayton claims that the government's reasons for not selecting him for promotion have shifted over time, and that the shifting of reasons gives rise to an inference that those reasons are pretextual and are intended to cover up the real reason, age based discrimination. See Briscoe v. Fred's Dollar Store, Inc., 24 F.3d 1026, 1028 (8th Cir. 1994); see also Edwards v. U.S. Postal Serv., 909 F.2d 320 (8th Cir. 1990). A review of the evidence makes it clear that while management may have emphasized certain factors over the course of time, they did not shift their reasons for hiring Best. Management consistently stated that Best was selected for the position due to the combination of skills he possessed, namely better communication skills, better initiative and problem-solving skills and a faster learning curve.

When the vacancy in the shop planner position first occurred, Best alone was given the temporary assignment, contrary to the usual practice of rotating different employees through the position. This employment action by the government fails to create any inference of discrimination since "[i]f one employee were unfairly preselected for

5

the position, the preselection would work to the detriment of all applicants for the job, [members of the protected class and those outside the protected class] alike." Blue v. United States Dept. of Army, 914 F.2d 525, 541 (4th Cir. 1990).

Plaintiff alleges that in not considering his prior military service, the government engaged in discriminatory conduct. Grayton served for twenty years as an enlisted man in the Navy, including ten years as a Petty Officer. In the Navy, Grayton gained experience working on boilers and in procurement. Grayton alleges that the selecting official, John Vilgos, failed to consider his naval experience. Although Vilgos did not specifically consider Grayton's naval experience, Vilgos did rely on the recommendations of Baum and Mullinix. Baum testified that Grayton's naval experience was a plus. The evidence does not show pretext, and it is the employer's prerogative and not the employee's to establish the relevant criteria and expectation for promotion. Afande v. National Lutheran Home for the Aged, 868 F.Supp. 795, 802 (D. Md. 1994), aff'd, 69 F.3d 532 (4th Cir. 1995).

Grayton alleges that the government based its promotion decision in part on the concern that Grayton would not be able to use computers. There is no evidence in the record that Grayton was denied computer training, and then rejected on the basis of a lack of familiarity with computers. In fact, there is no evidence that computer literacy played any part in the promotion decision.

III.

Under these circumstances, Plaintiff has failed to create a genuine issue of material fact as to the ultimate question of whether the government intentionally discriminated against him on the basis of his age. Assuming he met the prima facie case, we find that he has failed to carry his burden of persuasion in light of the government's legitimate nondiscriminatory reasons for its hiring decision. Accordingly, we affirm the district court's grant of summary judgment.

AFFIRMED

6