# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2206

_____

Christine Moore,

        Appellant,

v.

Forrest City School District, a public
corporate; Lee Vent, Superintendent,
in his official capacity,

        Appellees.

\* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Arkansas.

_____

Submitted: January 18, 2008
Filed: May 7, 2008

_____

Before WOLLMAN, BRIGHT, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

After several unsuccessful attempts to obtain a promotion from teacher to assistant principal, Christine Moore sued the Forrest City School District ("the School District") and its superintendent, Lee Vent, in his official capacity, claiming racial discrimination and retaliation in violation of Title VII, 42 U.S.C. §§ 1981 and 1983. After a two-day bench trial, the district court[1] entered judgment in favor of the

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

defendants, concluding that although the evidence was close, Moore failed to meet her burden of proof. On appeal, Moore challenges the judgment for the defendant asserting that the findings of no discrimination are erroneous. We affirm.

## I. *Background*

Moore is an African-American woman who has been employed by the School District as a teacher for over 20 years. In total, she has more than 30 years of experience as a school teacher. In the past, Moore has been recognized as a strong teacher, and she consistently received exemplary ratings in her performance reviews.

For over 15 years, Moore has applied for various administrative positions, but her advancement efforts have been unsuccessful. Moore's first attempt to obtain a promotion was in 1991 when she applied for an assistant principal position. Moore was not granted an interview. She is not sure which candidate was selected for the job, but she contends that the recipient was a white applicant.

Moore applied for another assistant principal position in June 2000, but again she did not get the job. This job went to Tammy Mills, a white female applicant. At the time, Moore had 26 years of teaching experience, and Mills only had 6 years. Also, Moore had her master's degree for 17 years and her principal certification for 10 years, while Mills obtained both her master's degree and her principal certification a few months before her appointment. After this, Moore filed a discrimination claim with the Equal Employment Opportunity Commission (EEOC). The outcome of Moore's EEOC grievance is not clear from the record.

In March 2005, Moore submitted a third application for an assistant principal position, but the School District did not consider her for the position because her application was submitted after the deadline. The job ultimately went to another white female candidate, Connie Reed. Moore contends her untimely application did not matter because Reed would have still received the position. She notes that the School

District had already hired Reed's husband as the head football coach when it posted the position. She filed another discrimination charge with the EEOC. The EEOC dismissed the charge and issued a right to sue letter in August 2005.

Also in August 2005, another administrative vacancy was filled but Moore did not apply for the position—she testified that she was not notified of the opening. The School District denied that Jamie Rougeau, the individual who filled the position, was promoted to an assistant principal position and contends that Rougeau was actually promoted to a newly created position of lead teacher. Further, the School District stated that it created the position to preserve Rougeau's employment with the School District as there was a surplus of science teachers for the 2005–06 school year. In the next school year, Rougeau was promoted to Dean of Students. Moore did not apply for the Dean of Students position because it had lower pay and prestige than an assistant principal position. Moore filed another grievance with the EEOC; this charge too was dismissed, and Moore received a right to sue letter on May 30, 2006.

In August 2006, Moore applied for a position as an assistant elementary school principal but was not granted an interview—in fact, the position was not filled during this interview period. Dr. Alice Barnes testified that the position remained vacant because all of the applicants were employees of the School District and the School District would have had trouble filling the vacancies that would have resulted if any of the applicants received the job. Specifically, Barnes stated that Moore didn't receive the job because if she had been hired, there would be no one to teach Moore's elementary school class.

In November 2006, the School District reopened its search to fill the elementary school assistant principal position that was left vacant in August 2006. Moore again submitted an application, and this time, she was granted an interview. Moore again was denied the job because the School District chose not to fill the position. The School District explained that it did not fill the position because after reevaluating

student enrollment, the School District determined that the position was no longer necessary. The School District explained that the number of building administrators is directly correlated to the number of enrolled students, and a campus with fewer than 500 students is only required to have one administrator. The School District presented evidence that the elementary school underwent a realignment, and after this was completed, the school had fewer than 500 students, making a second administrative position unnecessary.

Moore sued the School District and its superintendent in November 2005, asserting that the defendants discriminated against her on the basis of race and retaliated against her for pursuing her rights with the EEOC, in violation of Title VII, 42 U.S.C. §§ 1981 and 1983. Moore alleged that the School District's decision not to promote her in March 2005 and November 2006 was racially motivated. Moore alleged that the School District characterization of the August 2005 position as a lead teacher position was pretextual. Moore claimed that the School District's failure to notify her of the administrative job opening was retaliation for her EEOC complaint filed earlier in the year.

After a bench trial, the district court found in favor of the defendants. In regard to the March 2005 position, the district court determined that Moore failed to present evidence of discrimination and concluded that Reed was hired because her husband was selected as the football coach. The district court further found that the August 2005 position was a lead teacher position and not an assistant principal position. With regard to Moore's retaliation claim, the district court held that the passage of time between the March 2005 position and the 2000 EEOC claim was too long for Moore to demonstrate a discriminatory motive.

## II. *Discussion*

On appeal, Moore argues that the district court's finding of no discrimination was clearly erroneous. She contends that the district court erred in finding that Moore

failed to: (1) show discrimination in the March 2005 assistant principal selection process; (2) show discrimination in the August 2005 position hiring process; and (3) establish a prima facie case of retaliation.

"On appeal after trial, we are less concerned with the intricacies of the *McDonnell Douglas*[2] scheme, and more concerned with whether sufficient evidence supports the judgment of the district court." *Sherman v. Runyon*, 235 F.3d 406, 409 (8th. Cir. 2000). "Once a finding of discrimination has been made and that judgment is being considered on appeal, the *McDonnell Douglas* presumptions fade away, and the appellate court should simply study the record with a view to determining whether the evidence is sufficient to support whatever finding was made at trial." *Id.* (quoting *Morgan v. Arkansas Gazette*, 897 F.2d 945, 948 (8th Cir.1990)). Moreover, "[t]his court reviews the district court's ultimate finding of discrimination for clear error, giving due regard to the opportunity of the district court to judge the credibility of the witnesses." *Ledbetter v. Alltel Corporate Servs., Inc.*, 437 F.3d 717, 722 (8th Cir. 2006).

### A. *Moore's Discrimination Claims*

The district court, in applying the *McDonnell Douglas* burden shifting framework for covert discrimination, ruled in favor of the School District. Moore argues that the district court erred in finding for the School District on her discrimination claims. Moore alleged that the School District discriminated against her in failing to promote her in March 2005 and August 2005.

To prove a prima facie claim of discrimination, Moore must show that: (1) she is a member of a protected group; (2) she was qualified and applied for an available position; (3) she was rejected for that position; and (4) employees similarly situated who are not part of the protected group were promoted instead. *See Gordon v. Shafer*

---

[2]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*Contracting Co., Inc.*, 469 F.3d 1191, 1196 (8th Cir. 2006) (laying out the elements in reference to a Title VII claim); *Wright v. Rolette County*, 417 F.3d 879, 884 (8th Cir. 2005) (stating, in reference to sexual harassment claims, that the elements of a prima facie case are the same regardless of whether a plaintiff sues under § 1983 or Title VII); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1046 (8th Cir. 2002) (laying out the elements required to raise a presumption of discrimination in a § 1981 claim and referring to these elements as the plaintiff's prima facie case).

Moore bears the burden of offering evidence of discrimination, and where the evidence is equipoise, a finding for the defendant is appropriate. *See Peterson v. Scott County*, 406 F.3d 515, 521 (8th Cir. 2005) (stating that "[t]he ultimate burden of proving discrimination remains with the plaintiff at all times").

### 1. *The March 2005 Assistant Principal Position*

In regard to the March 2005 position, the district court found that Moore did not receive the position for two reasons: (1) Reed was hired as an accommodation to her husband, who had been recruited from out of state as a football coach; and (2) Reed was more qualified than Moore. Moore contends that this finding was erroneous because the defendants themselves averred that Reed was not hired as an accommodation. Moore further contends that the School District's citations to Reed's qualifications were pretextual.

Moore contends that the School District's explanation that Moore was the less-qualified candidate was pretext for discrimination. To show this pretext, Moore compares the School District's March 2005 and June 2000 failures to hire her. Moore argues that if the School District was hiring solely based on past experience that she should have been promoted in 2000 instead of Mills. In support of her argument, Moore cites to *Edwards v. U.S. Postal Serv.*, 909 F.2d 320, 324 (8th Cir. 1990). In *Edwards*, we reversed the district court's finding in favor of the defendant, concluding that in a "record, filled with changing and inconsistent explanations, we can find no

legitimate, non-discriminatory basis for the challenged action that is not mere pretension." *Id*. *Edwards*, however, is distinguishable from Moore's case. Here, there was no evidence that the School District's explanations for the 2000 and 2005 failures to promote were inconsistent.

In 2000, Moore asserts that she was the more qualified candidate because she had longer work experience as a teacher; however, both candidates lacked administrative experience, which is the most relevant type of experience for an administrative position. In March 2005, there was a significant experience gap among the candidates—Moore did not have any administrative experience, while Reed had prior administrative experience at an out of state school. The School District, however, did not rest its March 2005 hiring decision on experience alone—the School District also considered that Moore missed the filing deadline. Reed's administrative experience coupled with Moore's failure to timely apply for the position provide legitimate, non-discriminatory reasons why Moore was not hired for the March 2005 position.[3] The district court did not find these reasons to be pretextual, and we are unable to say that its finding was clearly erroneous.

## 2. *August 2005 Administrative Position*

Moore next claims that the School District discriminated against her by failing to promote her to an assistant principal position in August 2005. The district court found that the August 2005 position was a lead teacher position, not an assistant principal position, and this finding will not be disturbed unless Moore can show that it was clearly erroneous. *See Dixon v. Crete Med. Clinic*, P.C., 498 F.3d 837, 846–47 (8th Cir. 2007) (stating that "[f]indings of fact, whether based on testimony, documentary evidence, or inferences from other facts, will not be set aside unless they

---

[3]Because these findings are sufficient to sustain the judgment in favor of the School District, we decline to address the appropriateness of the district court's finding that Reed was hired, in part, as an accommodation to her husband, the newly hired football coach.

are clearly erroneous"). Moore presented the following evidence that the School District treated Rougeau as an assistant principal: (1) testimony that Rougeau was introduced as the new assistant principal at a school in-service meeting for all teachers; (2) the school used stationery that was embossed: "Jamie Rougeau, Assistant Principal"; (3) a letter sent to parents signed with a signature stamp identifying Rougeau as an assistant principal; (4) and evidence that Rougeau had responsibilities and reporting duties similar to those of an assistant principal. The School District presented evidence indicating that Rougeau was not an assistant principal—namely that Rougeau did not receive an increase in pay or that she was vested with administrative powers commensurate with an assistant principal. According to the School District, Rougeau's position involved assisting other teachers.

"If the factfinder's account of the evidence 'is plausible in light of the record viewed in its entirety,' we will not reverse even if we would have viewed the evidence differently had we been sitting as the trier of fact." *Dixon*, 498 F.3d at 847 (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985)). Furthermore, "'[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" *Id.* (quoting *Anderson*, 470 U.S. at 574). We conclude that both Moore and the School District presented plausible accounts of the facts; therefore, the district court's decision to believe the School District cannot be clearly erroneous.

Based on the facts found by the district court, the lead teacher position was a unique position created to preserve Rougeau's job; therefore, Moore was not eligible for the position, and the School District had no obligation to inform her of it. Accepting the facts as found by the district court, we affirm the district court's finding that the School District's decision not to promote Moore in August 2005 was not the result of discrimination as there was no position to which she could be promoted.

B. *Moore's Retaliation Claim*

Finally, Moore argues that the district court erred in finding that she failed to prove her retaliation claim. She alleges that the district court improperly found that there was a five-year gap between her EEOC filing and her failure to be promoted.

We agree with Moore that the district court erred in finding a five-year gap. Based on the district court's other findings, however, Moore's retaliation claim nonetheless fails. Moore alleged that the School District's failure to notify her of, or promote her to, the August 2005 position was in retaliation for her March 2005 EEOC complaints. The district court, however, analyzed her claim as though she claimed that her failure to be promoted in March 2005 was in retaliation for her 2000 EEOC claim.

This court may affirm the judgment of the district court on any basis supported by the record. *See Robinson v. Brandtjen & Kluge,* Inc., 500 F.3d 691, 694 (8th Cir. 2007) (involving a district court's grant of summary judgment). Because the district court found that there was no promotional opportunity in August 2005 and this factual finding is not clearly erroneous, Moore's retaliation claim based on her failure to be promoted in August 2005 must fail.

To prove a retaliation claim, Moore must show: (1) she engaged in protected activity; (2) the School District took adverse employment action against her; and (3) there is a casual connection between Moore's protected activity and the School District's adverse employment action. *Clegg v. Arkansas Dep't of Correction*, 496 F.3d 922, 928 (8th Cir. 2007) (citations omitted). To demonstrate an adverse employment action, "a plaintiff must show, 'that a reasonable employee would have found the challenged action materially adverse . . . ." *Vajdl v. Mesabi Acad. of KidsPeace, Inc.*, 484 F.3d 546, 552 (8th Cir. 2007) (quoting *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 2416 (2006)).

Moore argues that the School District took adverse action against her by not promoting her in August 2005. The district court found that there was no position available at that time. Because there was no promotional opportunity available to Moore in August 2005, no reasonable employee would have found the School District's failure to promote her at that time to be materially adverse. Consequently, Moore cannot demonstrate that she suffered an adverse employment action; therefore, the district court's error in analyzing her retaliation claim is harmless.

Moore also cannot claim successfully that her failure to be appointed Dean of Students is evidence of retaliation because as the district court found, she chose not to apply for this position because of its lower pay and prestige. *See White v. McDonnell Douglas Corp.*, 985 F.2d 434, 435 (8th Cir. 1993) (stating that when a plaintiff's claim is based on the employer's failure to promote, the burden is on the plaintiff to prove that she applied for the position at issue).

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____