# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 09-1714/1757

_____

| | | |
|---|---|---|
| Patrick Earley, doing business as Tantara Trust, | * * * | |
| Appellant/Cross-Appellee, | * * | |
| v. | * * * | Appeals from the United States District Court for the Western District of Missouri. |
| Wachovia Bank, N.A.; Wachovia Securities, LLC; Wachovia Capital Markets, LLC, | * * * * | [UNPUBLISHED] |
| Appellees/ Cross-Appellants. | * * | |

_____

Submitted: January 11, 2010
Filed: January 15, 2010

_____

Before MURPHY and BYE, Circuit Judges, and STROM,[1] District Judge.

_____

PER CURIAM.

Patrick Earley sued appellees (collectively, "Wachovia"), alleging that Wachovia unjustly profited from confidential information he provided it while seeking

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

financing for a real estate venture. The district court[2] granted Wachovia's motion for summary judgment and Earley appealed. We affirm.

In late 2005, Earley began negotiating with Colonial Realty Limited Partnership to purchase an eighty percent stake in a portfolio of commercial properties valued at approximately $1 billion. Earley sought a $750 million loan from Wachovia to finance this venture. Before he provided Wachovia with the information necessary to underwrite such a loan, the parties executed an agreement under which Wachovia agreed to keep confidential all nonpublic information Earley disclosed in connection with the investment and not to "evaluate or pursue an investment in the [target properties] on any other basis than with or through" Earley. Wachovia did not ultimately lend Earley any money.

In late 2006, Wachovia served as a financial advisor to Colonial in its effort to sell the portfolio of properties Earley had sought to buy. Colonial ultimately sold a majority interest in the properties to another investor and Wachovia received a $7 million fee for its services in connection with the transaction.

Earley commenced this action in the district court, alleging that Wachovia breached its contract with him by helping Colonial sell the properties to a third party. He also sought recovery on a theory of unjust enrichment, arguing that Wachovia wrongfully used the information he provided to secure its role as an advisor in the sale. The district court granted summary judgment for Wachovia on all claims. Earley appealed only the judgment on his unjust enrichment claim. We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to Earley. Al-Khaldiya Elecs. & Elec. Equip. Co. v. Boeing Co., 571 F.3d 754, 757 (8th Cir. 2009). We may affirm the judgment of the district court on

---

[2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

any basis supported by the record. <u>Moore v. Forrest City Sch. Dist.</u>, 524 F.3d 879, 885 (8th Cir. 2008).

Earley's unjust enrichment claim fails as a matter of law because he has not adduced sufficient evidence to allow a reasonable trier of fact to conclude that he conferred any benefit upon Wachovia. Under Missouri law, "unjust enrichment . . . occurs where a benefit is conferred upon a person in circumstances in which retention by him of that benefit without paying its reasonable value would be unjust." <u>ACLU/E. Mo. Fund v. Miller</u>, 803 S.W.2d 592, 595 (Mo. 1991) (en banc) (internal quotation marks omitted). "An essential element" of unjust enrichment "is a benefit conferred upon the defendant by the plaintiff." <u>Id.</u> (internal quotation marks omitted).

Earley argues that he conferred a benefit upon Wachovia by providing it with confidential information about the deal he sought with Colonial, in particular the idea and basic structure of the proposed transaction. He has failed, however, to show any causal link between the information he provided and Wachovia's retention as Colonial's advisor in the sale of its properties. Wachovia had a preexisting relationship with Colonial as its investment banker and there is no evidence that it used Earley's information to secure or advance its role in the sale of the properties at issue. Indeed, there is no evidence that the Wachovia employees responsible for the advisory relationship with Colonial were aware of Earley's interactions with Wachovia. Because Earley is unable to show that Wachovia "was actually able to realize any benefit" from his information, his unjust enrichment claim fails as a matter of law. <u>JB Contracting, Inc. v. Bierman</u>, 147 S.W.3d 814, 819 (Mo. Ct. App. 2004). We therefore affirm the judgment of the district court.[3]

_____

_____

[3]Because we affirm the judgment below, we deny as moot the relief Wachovia seeks in its conditional cross appeal.

-3-