# First District Court of Appeal
## State of Florida

_____

No. 1D2022-2403

_____

Donnie L. Pickford,

    Appellant,

    v.

Taylor County School
District,

    Appellee.

_____

On appeal from the Circuit Court for Taylor County.
Darren K. Jackson, Judge.

February 14, 2024

B.L. Thomas, J.

In *Pickford v. Taylor County School District*, 298 So. 3d 707, 708 (Fla. 1st DCA 2020), this Court reversed the trial court's order striking Mr. Pickford's affidavit submitted in opposition to the District's motion for summary judgment and reversed summary judgment entered on the employment discrimination claim. On remand the trial court again erred in striking the affidavit on various grounds and erred in granting summary judgment in favor of the District. Again, we reverse.

At the outset of the order granting the motion to strike various paragraphs of Pickford's affidavit, the trial court found that each of the paragraphs identified in the motion, specifically paragraphs

4-7, 9, 11-14, 19-22, 27, 29-31, 33-38, consist of "conclusory, vague, and speculative allegations as well as lacking specific details." Additionally, the trial court found that each of the above-listed paragraphs was "inadmissible as they are not based on personal knowledge." The trial court additionally found various paragraphs were irrelevant, mere assertions, conclusory, self-serving, misrepresentations, refuted by sworn testimony, moot, or referenced statements made by employees that were outside the scope of employment and did not have authority to bind defendant.

All of the reasons given by the trial court are factually or legally incorrect.

The trial court erred in concluding that Pickford failed to establish his prima facie claim of race discrimination and entering summary judgment. To establish a claim for race discrimination, Pickford must show that he (1) was a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably. *McDonnell Douglas Corp.*, 411 U.S. 792; *Fla. Dep't of Cmty. Affairs v. Bryant*, 586 So. 2d 1205, 1209 (Fla. 1st DCA 1991).

The record contains disputed issues of material fact showing that Pickford was qualified for his teaching position at the elementary school, and was replaced by a less qualified white male. The District has offered conflicting explanations and justifications for Pickford's termination, only offering alleged performance deficiencies after the commencement of this litigation. Pickford also identified two sufficiently similar comparators. In addition to his replacement, Pickford identified another substitute teacher who allegedly was treated more favorably. To the extent the District disagrees with this assertion, that is a disputed issue of material fact.

Additionally, the District's ever-evolving reason for terminating Pickford is evidence that the proffered reason is pretextual. *See Norris v. City & Cnty. of San Francisco*, 900 F.2d 1326, 1331 (9th Cir. 1990) (". . . the fact that a defendant's rationale has shifted over time would seem likely to generate serious adverse inferences as to the pretextual nature of its explanations"); *see also Edwards v. U.S. Postal Serv.*, 909 F.2d 320, 324 (8th Cir.

1990) ("In light of this record, filled with changing and inconsistent explanations, we can find no legitimate nondiscriminatory basis for the challenged action that is not mere pretension"). "[A] plaintiff withstands summary adjudication by producing sufficient evidence to allow a reasonable finder of fact to conclude that the defendant's articulated reasons for its decision are not believable." *Howard v. BP Oil Co., Inc.*, 32 F.3d 520, 526 (11th Cir. 1994) (citations omitted).

REVERSED.

OSTERHAUS, C.J., and WINOKUR, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Marie A. Mattox and Ashley N. Richardson, Marie A. Mattox, P.A., Tallahassee, for Appellant.

David M. Delaney, Weiss Serota Helfman Cole & Bierman, P.L., Gainesville, and Edward G. Guedes, Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables; Natasha Mickens, Dell Graham, PA, Gainesville, for Appellee.